IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGINALD J. McKITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-CV-1041-WKW |
| | )              [WO] |
| ALABAMA DEP'T OF | ) |
| TRANSPORTATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Defendants Alabama Department of Transportation ("ALDOT") and John Cooper's Motion to Dismiss, filed pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. # 6–7.) Defendants present three grounds for dismissal of specified claims alleging race discrimination and retaliation, in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. First, Defendants contend that Plaintiff's § 1981/§ 1983 claims (Counts I and II) are due to be dismissed on Eleventh Amendment immunity grounds. Second, Defendants assert that Plaintiff's § 1983 Fourteenth Amendment claim (Count II) is due to be dismissed for failure to state a claim. Third, Defendants argue that Plaintiff's Title VII claim (Count III)

against Mr. Cooper is due to be dismissed because ALDOT is named and, as Plaintiff's employer, is the proper defendant.

Plaintiff responds that as to Mr. Cooper, Count I is brought against him only in his official capacity for declaratory and injunctive relief. (Pl.'s Resp. 2 (Doc. # 11); *see also* Compl. ¶ 7 (alleging that Mr. Cooper "is named only in his official capacity" as ALDOT's director).) He also suggests, but without citation to authority, that ALDOT is a proper defendant in Count I for prospective equitable relief. The court agrees that a state defendant sued in his or her official capacity for prospective declaratory or injunctive relief is not immune from suit under the Eleventh Amendment. *See Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health & Rehabilitative Serv.*, 225 F.3d 1208, 1220 (11th Cir. 2000). To this extent, Defendants' motion to dismiss the claim in Count I against Mr. Cooper in his official capacity for prospective equitable relief is due to be denied. However, pursuant to the Eleventh Amendment, ALDOT "cannot be sued for prospective injunctive relief in federal court." *R.E. Grills Constr. Co. v. Ala. Dep't of Transp.*, 198 F. Supp. 2d 1297, 1300 (N.D. Ala. 2002); *see also Powers v. CSX Transp., Inc.*, 105 F. Supp. 2d 1295, 1299–1301 (S.D. Ala. 2000) (deciding that ALDOT is an arm of the state that is protected by the Eleventh Amendment). Accordingly, the § 1981/§ 1983 claim in Count I against ALDOT is due to be dismissed.

Plaintiff further responds that he "voluntarily agrees to the dismissal of [Count II]" and that he agrees that Mr. Cooper "is not a proper defendant." (Pl.'s Resp. 4.) Based upon Plaintiff's representations, these claims are due to be dismissed.

Accordingly, it is ORDERED that Defendants' motion to dismiss is GRANTED in part and DENIED in part as follows:

(1) GRANTED to the extent that the § 1981/§1983 claim in Count I against ALDOT is DISMISSED based upon the Eleventh Amendment;

(2) DENIED as to the claim in Count I against Mr. Cooper in his official capacity for prospective declaratory and injunctive relief, but GRANTED to the extent that Count I asserts an official capacity claim against Mr. Cooper for monetary damages;

(3) GRANTED to the extent that Count II is DISMISSED; and

(4) GRANTED to the extent that the Title VII claim in Count III against Mr. Cooper is DISMISSED.

DONE this 24th day of August, 2012.

                                              /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE